UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**CORDERO BERNARD ELLIS,**

    **Petitioner,**

v.                                        CIVIL ACTION NO. 4:19cv115
                                              [ORIGINAL CRIMINAL NO. 4:08cr144]

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Petitioner's Motion to Vacate under 28 U.S.C. § 2255, filed pro se on November 18, 2019. ECF No. 495. The United States filed a Response in opposition on March 12, 2020. ECF No. 517.

### I. Procedural History

On September 3, 2009, the Petitioner pleaded guilty to Counts One, Fifteen, and Thirty-eight of the Superseding Indictment. ECF No. 247. Count One charged the Petitioner with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). ECF No. 30. Count Fifteen charged the Petitioner with Use, Brandish, and Discharge of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). Id. Count Thirty-eight charged the Petitioner with Conspiracy to Burn Building Possessed by Organization Receiving Federal Funds, in violation of 18 U.S.C. § 844(n). Id.

## II. Motion to Vacate

The Petitioner argues that his conviction on Count Fifteen should be vacated because of the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). In <u>Davis</u>, the court held that the definition of a "crime of violence" in the "residual clause," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. <u>Id.</u> at 2336. The definition of a "crime of violence" in the "force clause," 18 U.S.C. § 924(c)(3)(A), however, remains constitutionally valid after <u>Davis</u>.

The predicate "crime of violence" for the Petitioner's conviction on Count Fifteen was Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3), as set out in Count Fourteen of the Superseding Indictment. ECF No. 30. Therefore, the question presented is whether Assault with a Dangerous Weapon in Aid of Racketeering Activity remains a constitutionally valid "crime of violence" under the force clause in 18 U.S.C. § 924(c)(3)(A).[1]

The definition of a crime of violence contained in the force clause is "an offense that is a felony and . . . has as an element

---

[1] The United States argues that "[t]he defendant's conviction was predicated on multiple crimes of violence." Resp. at 4. This assertion is incorrect. Count Fifteen explicitly states that the Petitioner used a firearm "during and in relation to a crime of violence . . . that is, Assault with a Dangerous Weapon in Aid of Racketeering Activity . . . <u>as set forth in Count Fourteen of this Indictment</u>." ECF No. 30 at 40 (emphasis added). Therefore, the

2

the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To determine whether a crime falls under this definition, courts generally use the "categorical approach." See Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). Under the categorical approach, courts "analyze only the elements of the offense in question, rather than the specific means by which the defendant committed the crime." United States v. Evans, 848 F.3d 242, 246 (4th Cir. 2017), cert. denied, 137 S. Ct. 2253 (2017).[2]

Here, the predicate offense is set out in 18 U.S.C. § 1959. Because this statute lists elements in the alternative, the court will use the "modified categorical approach" and "look[] at the charging documents to determine" which provision of § 1959 formed the basis of the Petitioner's conviction. Cousins v. United States, 198 F. Supp. 3d 621, 625-26 (E.D. Va. 2016) (Smith, C.J.). The Petitioner's predicate offense in the Indictment is "Assault with

---

United States' arguments about whether Counts One and Thirty-eight constitute a crime of violence, see Resp. at 4-5, are irrelevant.

[2] Again, the United States' Response fails to address the relevant issue. The United States argues that Count Fourteen is a crime of violence under the force clause because the Petitioner shot an individual. Resp. at 5. Courts, however, "cannot look at [a defendant's] actual conduct" when analyzing whether an offense falls within the force clause. United States v. McCall, 2019 WL 4675762 at *3 (E.D. Va. Sept. 25, 2019) (Hudson, J.).

3

Dangerous Weapon in Aid of Racketeering Activity," in violation of 18 U.S.C. § 1959(a)(3). ECF No. 30.

The court concludes that Assault with a Dangerous Weapon in Aid of Racketeering Activity, as defined in 18 U.S.C. § 1959(a)(3), is a "crime of violence" that falls within the force clause. Because § 1959 does not define "assault," "the Court must look to the elements of the predicate offense as it is generically defined." Davis v. United States, No. 2:10CR36, 2019 WL 7205915 at *3 (E.D. Va. Dec. 23, 2019) (Doumar, J.), appeal docketed, No. 20-6254 (4th Cir. Feb. 21, 2020).³ The elements of common law assault are the "(1) willful attempt to inflict injury upon the person of another . . . or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily

---

³ The court notes that "[f]ederal district courts in Virginia have split on whether to examine only the VICAR [violent crimes in aid of racketeering activity] offense of assault with a dangerous weapon or to examine the specific elements of the state statutes in their 'crime of violence' inquiry." United States v. McCall, No. 3:10CR170-HEH, 2019 WL 4675762 at *4 (E.D. Va. Sept. 25, 2019) (Hudson, J.). The underlying violation of Virginia law for Count Fourteen is malicious or unlawful wounding, in violation of Va. Code. Ann. § 18.2-51. This violation of Virginia law also qualifies as a "crime of violence" under the force clause. See id. at *4 ("The Court agrees that Va. Code Ann. § 18.2-51 requires the use, attempted use, or threatened use of force, it qualifies as a valid predicate violent felony under the Force Clause of § 924(c)."). Therefore, even if the court were to examine the specific elements of the state statute, the Petitioner's conviction on Count Fifteen would remain valid. Cf. United States v. Keene, No. 19-4609, 2020 WL 1807957 (4th Cir. Apr. 9, 2020) (published).

4

harm." Id. (citation omitted). Furthermore, § 1959(a)(3) "heightens this common law assault definition by additionally requiring the use of a dangerous weapon, that is, an object with the capacity to endanger life or inflict serious bodily harm." Id. (citing United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995)).

This definition qualifies as a crime of violence under the force clause, because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). See Davis, 2019 WL at *4 (holding assault with deadly weapon qualifies as crime of violence under force clause); Cisneros v. United States, No. 3:16-cv-566-RJC, 2019 WL 6048044 at *4 (W.D.N.C. Nov. 14, 2019) (same). Accordingly, because this predicate crime remains constitutionally valid, the Petitioner's conviction on Count Fifteen for Use, Brandish, and Discharge of a Firearm in Relation to a Crime of Violence also remains valid.

For these reasons, the Petitioner's Motion is **DENIED**. The Petitioner is **ADVISED** that he may appeal from this Order by filing, within sixty (60) days of entry of this Order, a written notice of appeal with the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The court

declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the Petitioner and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 10, 2020